983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Gene HARRINGTON, Plaintiff-Appellant,
v.
Sandra SMOKOSKA, Supervisor; James J. Tomaszewski, Area
Manager; Ron Hundt; Thomas Fleming; Rufus
Wright; Kathy Bowers, Defendants-Appellees.
 No. 92-1612.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Gene Harrington, pro se, appeals a district court order granting the defendants' motion for summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The defendants include several officers and agents for the Michigan Department of Corrections, and a resident unit manager at the Charles Egeler Correctional Facility in Jackson, Michigan. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Harrington sets forth the following arguments: 1) he was denied his rights to due process and equal protection when the defendants removed him from a "half-way house" setting at the Kalamazoo Correction Center (KYL) and transferred to the Charles Egeler Facility in August of 1989, with a "notice of special designation" indicating ineligibility for future community placement; 2) the major misconduct reports upon which the defendants took this action were not timely reviewed with him pursuant to prison policy and were based on false accusations of substance abuse while at KYL; 3) he was falsely accused of being out of place in a major misconduct report dated July 6, 1989; 4) the defendants' decision to hold him in the Kalamazoo County jail on August 9, 1989, after being found guilty of alcohol abuse, was a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment; 5) he was reclassified without a proper hearing in violation of his due process rights and Michigan Administrative Rule § 791.3310; and 6) his due process rights were violated by the defendants' act of refusing to expunge all inaccurate information in his prison file.
 
 
 3
 On appeal, Harrington argues: 1) the district court erred in finding no liberty interest created by the applicable administrative state laws and prison policies; 2) a hearing was required before being permanently excluded from future community placement; and 3) the state post-deprivation remedies are inadequate because of the delay he has experienced in the state courts in his attempt to utilize these remedies.
 
 
 4
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
 
 
 5
 There is no liberty interest in being placed in a community residential program or within any particular prison in the state of Michigan. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). It is also clear that there is no inherent constitutional right to enjoy any particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Although a state may create such a liberty interest and right in a particular classification, see Beard v. Livesay, 798 F.2d 874, 876-79 (6th Cir.1986), a review of the prison policies applicable to Harrington's situation reveals that Michigan policy specifically directs and allows for prison administrators to reclassify prisoners to a higher security level when a substance abuse violation is found.
 
 
 6
 Moreover, there is sufficient evidence in the record to support the prison board's finding of guilty in each of the substance abuse violations in question, and the Supreme Court has declined to adopt a more stringent evidentiary standard as a constitutional requirement. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). See also Higgs v. Bland, 888 F.2d 443, 448-49 (6th Cir.1989). The record also shows that the defendants complied with applicable procedural rules in reviewing the major misconduct reports within 24 hours after the reports were written. Lastly, Harrington has not established that the defendants were deliberately indifferent to his serious medical needs; their actions did not constitute the unnecessary and wanton infliction of pain required in order to invoke the protections of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Harrington does not raise any issue in regard to the expungement of inaccurate information within his prison file. Thus, this issue has effectively been abandoned, so that it will not be considered on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Accordingly, the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.